**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE SWEETWATER, A WILDERNESS LODGE, L.L.C., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-1795C |
| | ) | (Judge Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Defendant, the United States, respectfully files the attached proposed protective order for consideration by the Court. Counsel for defendant and plaintiff, The Sweetwater, A Wilderness Lodge LLC ("The Sweetwater"), have conferred without success regarding the terms of the proposed protective order, which is based upon the Court's model protective order for bid protest cases, Form 8 to the Rules of the Court of Federal Claims ("RCFC"). The parties' disagreement principally centers on whether the owner of The Sweetwater, Mr. Jeffrey Mummery, will be permitted access to material designated that defendant has designated as "Protected Information" as defined in the proposed protective order.

The information that the Government has designated as "Protected Information," and that Mr. Mummery seeks to review, are profit and loss statements and other financial information regarding six other lodges that, like The Sweetwater's lodge, are located along the North Fork of the Shoshone River in the Shoshone National Forest. The owners of these other lodges have provided the Forest Service with written permission pursuant to the

Privacy Act to disclose the information for purposes of this lawsuit, with the understanding that the Government would seek a protective order limiting the disclosure to The Sweetwater's counsel and experts. The other lodges are not only competitors of The Sweetwater, but all are small businesses that for the most part are the residences and principal livelihood of the families that own and operate them. Thus, the profit and loss statements contain not only confidential business information regarding their other lodges revenues and expenses, but also reflect the personal income of the persons who are their owners.

The Government provided the financial information from these other lodges to counsel for The Sweetwater on May 3, 2005, who agreed that the information would only be provided to experts for The Sweetwater, and would not be provided to Mr. Mummery. The information has also been provided to defendant's experts, who have used the information to prepare the expert reports that the parties have now exchanged.

On May 9, 2005, counsel for The Sweetwater informed defendant's counsel that Mr. Mummery needed to review the other lodges' financial information so that he could present his case concerning lost profits. Counsel for The Sweetwater has stated that it does not intend to designate an expert who will testify about lost profits, but that Mr. Mummery will address the subject of lost profits in his testimony. Defendant's counsel then spoke with several of the lodge owners, who confirmed that they do not want the information to be provided to Mr. Mummery.

Defendant's counsel and counsel for The Sweetwater conferred again, and discussed whether it would be possible to redact the information to mask the identity of the lodges.

The Government intends to identify the other lodges at trial only as “Lodge A, Lodge B, etc.” to the extent that its experts may testify about the profits of the other lodges. However, permitting Mr. Mummery to review redacted versions of the lodges from the financial information and the reports of the Government’s experts will not adequately shield the confidential information of the lodges, because his familiarity with his competitors is likely to allow him to identify the source of the information by other means, such as the number of units (cabins) and size of revenues.

The Sweetwater has not articulated a compelling reason why it requires that Mr. Mummery be granted access to the information. Counsel for The Sweetwater will have the opportunity to take the depositions of the Government’s experts and examine them regarding their use of the financial information from the other lodges.

Mr. Mummery does not require access to the information to testify about his familiarity with The Sweetwater, and its alleged capacity to generate profits under his management. Mr. Mummery has not been identified as an expert witness by The Sweetwater. If The Sweetwater intends for him to review the information from the other lodges and offer an expert opinion about how those lodges’ operations compare to The Sweetwater’s, then The Sweetwater must disclose Mr. Mummery’s opinion, like any other expert.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court enter the proposed protective order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker by Bryant M. Snee

KATHRYN A. BLEECKER
Assistant Director

s/ John H. Williamson

JOHN H. WILLIAMSON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
ATTN: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel.: (202) 307-0277
Fax:: (202) 307-0972

May 24, 2005

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2005, a copy of the foregoing DEFENDANT'S MOTION FOR PROTECTIVE ORDER was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/John H. Williamson