IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE SWEETWATER, A WILDERNESS LODGE LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 02-1795C<br>(Judge Merow) |

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

The government has moved for a protective order in this case not for any defensive purposes such as opposing a discovery request by plaintiff, but rather for the offensive purpose of preventing plaintiff's most knowledgeable witness from analyzing evidence which the government has decided to offer in this case. However, the government chose to obtain that evidence as an element of its defense in this breach of contract case and sought the voluntary agreement of certain private companies to disclose it. Because that information cannot reasonably be construed to contain any "trade secrets or other confidential research, development, or commercial information" and was *voluntarily* disclosed by companies who the government maintains otherwise had a right to keep it as private, there is no basis for the Court to issue a protective order pursuant to RCFC 26(c). For this reason, plaintiff The Sweetwater, A Wilderness Lodge LLC ("Sweetwater Lodge") opposes the government's motion.

The information at issue relates to financial information which was already in the Forest Service's files and which permittees are required to provide to the government as a condition of

them applying for and obtaining a Term Special Use Permit. However, and more importantly for purposes of this case, the companies whom the government maintains had a right to keep this information private nonetheless *chose*, at the behest of the government, to voluntarily allow the government to place it into evidence in this contract case. Moreover, government counsel has assured this Court that the companies who provided the information would only do so under the condition that plaintiff not be allowed to review it. However, the representative of one such company contacted by plaintiff's counsel stated that *the government representative, Ms. Jennifer Watson, unilaterally offered to place this restriction on the information without his request for any such condition, even after he told her that he had no concerns about it being disclosed to plaintiff*. Given the government's knowledge that a protective order would increase plaintiff's costs of pursuing its claim, the government's conduct and critical misrepresentation to this Court as to the "need" for a protective order constitutes sanctionable conduct.

In addition, plaintiff's counsel has contacted four out of the six permittees from whom the government obtained information and whom, the government insisted, have demanded that such information not be disclosed to plaintiff as a condition of their authorization to use that information because of the harm that would occur.[1] *All four of these permittees agreed to allow plaintiff to review their financial information.* This fact entirely rebuts the government's strenuous assertion that these permittees adamantly insisted that the government prevent plaintiff from reviewing this information as a condition of its release and that disclosure of the information to plaintiff would create significant harm. Again, the government has been caught in a very serious misrepresentation to this Court, a misrepresentation that can only be viewed as an

[1] Plaintiff has been unable so far to reach two of the permittees.

effort to increase the cost to plaintiff in presenting its case and rebutting the government's arguments.

Finally, the need for plaintiff to review this information is determinative in this matter because there is no irreparable harm caused by disclosure of the information. *See Rice v. United States*, 39 Fed. Cl. 747 (1997)(in ruling on a Rule 26(c)(7) motion, the court "must balance the need of one litigant to access proprietary information in order to present his case, and the potential that irreparable harm may be suffered by the disclosing party"). If plaintiff's representatives are not allowed to review this information, plaintiff will be unable to use their knowledge of the specifics of each lodge which provided that information in order to prepare its response to such information. This response will consist of cross-examination by plaintiff's counsel based on critical input from plaintiff's representatives as well as testimony by plaintiff as to the physical characteristics of its lodge and other lodges. Contrary to the government's supposition, plaintiff's representatives do not have to be admitted as experts to present such testimony related to their personal knowledge.

While the government is insisting that plaintiff incur the additional expense of hiring an outside expert to analyze this information in order to pursue its claim against the government, plaintiff does not have sufficient funds to do so. Moreover, even if plaintiff could hire an expert for this purpose, that expert would not have the specific knowledge of the lodges at issue and plaintiff would be unable to assist him or her in that regard. The restrictions which the government is seeking under the proposed protective order would constitute substantial prejudice to plaintiff's ability to pursue its claim and respond to the government's defense.

While the government has asserted that disclosure to plaintiff would cause harm to companies who voluntarily provided the government with information to bolster its defense in this case, it is important to note that the information which the government is seeking to hide from the plaintiff on the basis of it being from private parties was *voluntarily released to the government specifically for use in this case*. To the extent that such companies had a right to assert the confidentiality of such information, they could have invoked that right and not agreed to its use in this matter. They did not do so.

In addition, the information at issue is outdated, none of it being more recent than two years old and some of it going back as far as 1995. Moreover, each lodge's room rates, which is where most of each lodge's revenue is obtained, are public information so this further mitigates against any assertion by the government that disclosure of the information would result in competitive harm. Finally, the government has made no presentation as to exactly how disclosure of general financial information 2-10 years old would result in "competitive harm" in this context, nor is plaintiff aware of how such harm could result. Unlike the case in *Rice*, 39 Fed. Cl. 747, in this matter the party which is seeking to introduce the evidence is also seeking to impose the protective order and its corresponding high costs on the opposing party.[2] The burden is on the party moving for the protective order to establish as a matter of fact that disclosure of the information would be harmful. *Speller v. United States*, 14 Cl. Ct. 170, 175 (1988), *citing*

[2] The protective order proposed by the government imposes absolutely no restrictions on access to the information by any individuals working for or on behalf of the government. As such, the costs associated with the protective order fall solely on plaintiff.

*American Standard, Inc. v. Pfizer Inc*., 828 F.2d 734, 741 (Fed. Cir. 1987), *cited by Rice*, 39 Fed. Cl. at 750 n. 7. As shown above, the government has not, and cannot, meet this burden.

In addition to the foregoing, it is plaintiff's understanding that the records at issue were submitted by companies or corporations, which are the named permittees.[3] The government has asserted that a protective order is necessary pursuant to the permittee's rights under the Privacy Act of 1974, codified at 5 U.S.C. § 552(a). *See* Defendant's Motion for Protective Order at 1-2. However, the Privacy Act gives no rights to corporations, sole proprietorships or other business entities. *See, generally, St. Michael's Convalescent Hospital v. State of Cal*., 643 F.2d 1369 (9th Cir. 1981); *Cell Associates, Inc. v. National Institutes of Health, Ed. and Welfare*, 579 F.2d 1155 (9th Cir. 1978); *United States v. Haynes*, 620 F. Supp. 474 (M.D. Tenn. 1985); *OKC Corp. v. Williams*, 461 F. Supp. 540 (N.D. Tex. 1978). Therefore, the permittees have no legal basis to oppose release of the information (which they in fact already agreed to release) because they have no rights under the Privacy Act. As such, there is no legal basis for issuing a protective order.

## Conclusion

For all the reasons set forth above, the government's motion for a protective order is without sufficient basis. The severe harm and prejudice imposed on plaintiff in granting the government's motion entirely overshadows any purported "harm" asserted by the government on behalf of private companies whom the government has solicited to help defend itself. For that

[3] The list issued by the government of the lodges providing financial information to it consisted of company names, not individuals' names.

reason, plaintiff opposes issuance of any protective order given that such issuance would impose a severe hardship on plaintiff, as well as imposing a hardship on this Court by requiring it to maintain an unnecessary level of secrecy (such as would be required at the hearing). In addition, there is no legal basis to issue a protective order given that the Privacy Act is not applicable based on the permittees not being individuals.

In the alternative, if the Court does not deny the protective order, plaintiff would request that any protective order issued in this matter specifically include Mr. Jeff Mummery and other members, agents and employees of plaintiff and provide them the ability to review the protected information subject to the terms of the protective order.

Finally, based on the misrepresentation by the government identified above and the cost such conduct has already forced on plaintiff, plaintiff The Sweetwater, A Wilderness Lodge LLC seeks its costs and attorneys fees in opposing this motion for the reasons set forth above.

Respectfully submitted,

____/s/____________________

Kevin R. Garden
THE GARDEN LAW FIRM P.C.
901 N. Pitt Street, Suite 325
Alexandria, VA 22314
(703) 535-5565

Counsel for Plaintiff

Dated: May 25, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of May, 2005, I caused to be filed via Electronic Case Filing, and thereby served via the ECF System the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER on John H. Williamson, Esq., attorney for defendant The United States, U.S. Department of Justice, Commercial Litigation Branch, Civil Division, Attn: Classification Unit, 8th Floor, 1100 L Street, N.W., Washington, D.C. 20530.

/s/ ________________________
Kevin R. Garden