**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE SWEETWATER, A WILDERNESS LODGE, L.L.C., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-1795C |
| | ) | (Judge Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF**
**MOTION FOR PROTECTIVE ORDER**

Defendant, the United States, respectfully files this reply in support of its motion for a protective order. Since filing our motion for a protective order on May 25, 2005, defendant's counsel has conducted further discussions with plaintiff's counsel and with owners of the other lodges on the North Fork of Shoshone River, whose financial information is at issue. As a result, we are filing with this reply a revised version of the protective order that the parties have agreed should be entered in this case to prevent disclosure of confidential financial information produced by The Sweetwater and the other lodges.

We reject plaintiff's unfounded assertion that we made any misrepresentation to the Court regarding the lodge owners' concerns about disclosure of their financial information to Mr. Mummery. Several weeks before filing our motion for a protective order, defendant's counsel spoke with three of the six North Fork lodge owners who had agreed to provide financial information to the parties' experts: Debbie Carlton of Blackwater Lodge, Teresa Boyd of Absaroka Mountain Lodge, and Hamilton Bryan of UXU Guest Ranch. All three

owners stated that they did not want Mr. Mummery to gain access to their confidential financial information. The basis for defendant's motion for a protective order were these communications, and previous communications that Forest Service representatives had conducted with lodge owners who expressed concerns about Mr. Mummery gaining access to their confidential financial information.

After plaintiff filed its May 25, 2005 opposition to our motion for a protective order, defendant's counsel contacted the lodge owners, and over the course of several days succeeded in reaching all six of them. Gary Fales of Rimrock Ranch, Phil Lamb of Elephant Head Lodge, and Buck Norris of Crossed Sabres Lodge all confirmed that they had spoken to plaintiff's counsel, and that they did not object to Mr. Mummery gaining access to their annual profit and loss statements that were filed with the Forest Service. In the intervening weeks since defendant's counsel had last spoken to Hamilton Bryan, Mr. Bryan had sold the UXU Guest Ranch, and he no longer objected to providing the annual profit and loss statements for the UXU to Mr. Mummery.

Plaintiff referred in its opposition to our motion for a protective order to two unidentified lodge owners who plaintiff's counsel was unable to reach. Pl. Opp. at 2 n.1. Defendant's counsel learned from subsequent telephone conversations that these were Teresa Boyd at Absaroka Mountain Lodge and Debbie Carlton at Blackwater Lodge. Ms. Boyd confirmed that she did not want any current financial information disclosed to Mr. Mummery, but she agreed that Mr. Mummery could be provided access to the 2003 profit and loss statement for Blackwater Lodge because that information pre-dated her ownership of the lodge.

Ms. Carlton reiterated her concerns about Mr. Mummery gaining access to any profit and loss statements. We have informed plaintiff's counsel that our experts will provide amended reports that do not rely upon information from Blackwater Lodge, which will avoid the need to provide that information to Mr. Mummery.

Our motion for a protective order was intended to protect the interests of the other North Fork lodge owners, and was not intended to "increase the cost to plaintiff in presenting its case and rebutting the government's arguments," as plaintiff contends. Pl. Opp. 3. We took appropriate steps before filing our motion to ascertain the views of the other North Fork lodge owners. As a result of further discussions among the parties and the lodge owners, the parties have arrived at a solution that addresses all interests involved.

Indeed, plaintiff itself intends to seek the benefits of the protective order, and has designated its own financial statements as "Confidential," despite its assertion in its opposition brief that the other lodge owners' information did not meet the standard of RCFC 26(c) for entry of a protective order. Pl. Opp. 1. In these circumstances, plaintiff's request that the Court award plaintiff its costs and attorneys fees in opposing our motion for a protective order is unwarranted.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court enter the revised proposed protective order that is attached, and deny plaintiff's request for its costs and attorneys fees in opposing our motion for a protective order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ John H. Williamson

JOHN H. WILLIAMSON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
ATTN: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel.: (202) 307-0277
Fax:: (202) 307-0972

June 9, 2005

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2005, a copy of the foregoing DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/John H. Williamson