other licenses?

A No, she's involved in that portion of it that has to do with the Sweetwater permit. Now how that documentation works, I'm not quite sure, but I know that relinquished their permit, and all of the Sweetwater granted to -- or excuse me, the Forest Service granted to Sweetwater a permit.

But I think that if we failed to make our payments, our permit could have automatically been kind of canceled by Brannon. I don't say canceled on behalf of the Forest Service, but he would have the documentation to go to the Forest Service and say Mr. Mummery hasn't paid me, you've got to cancel his permit, and give me my permit back. So he wouldn't get back, you know, a pig-in-a-poke so to speak.

MR. WILLIAMSON: Your Honor, I would like to move for the admission of Defendant's Exhibit 19, the application for a special use permit.

THE COURT: Any objection?

MR. GARDEN: Your Honor, what I would request is that we go through the whole document. I believe there is attachments here and I want to confirm that in fact Mr. Mummery agrees that these attachments were submitted with his application, because I think there is an issue in the deposition as



Att. E

to what attachments were actually his, and what were prepared by other people.

MR. WILLIAMSON: And, Your Honor, let me clarify. Let me restrict my motion of admission to only the first four pages of Defendant's Exhibit 19, which I think are the application that Mr. Mummery was testifying about, and perhaps, if I may, just clarify that with Mr. Mummery.

BY MR. WILLIAMSON:

Q Mr. Mummery, is that in fact accurate, those first four pages of Defendant's Exhibit 19 is the application as you recall?

A As I recall, it certainly is.

Q Okay.

A You know, I --

Q All right, and then --

A I don't recall it very well. I don't look at it very often.

MR. WILLIAMSON: Okay, then we will not move for the admission of the pages that follow those first four pages, Your Honor.

THE COURT: Your motion goes through --

MR. WILLIAMSON: To be clear for the record, Defendant's Exhibit 19, pages 1, 2, 3 and 4.

THE COURT: All right.



Att. E

MR. WILLIAMSON: Mr. Mummery did testify about during his deposition regarding the draft resort operating plan that begins at page 5 of Defendant's Exhibit 19, and it concludes at page 9 of Defendant's Exhibit 19, and that document was something that was prepared at a different time, and we probably shouldn't have included it in here. I didn't need to complicate matters.

This was all marked as a deposition exhibit and we put it in wholesale, so we should have taken off the first four pages.

THE COURT: Any objection to the first four pages?

MR. GARDEN: No objection, Your Honor.

THE COURT: Defendant's Exhibit 19 is admitted, that is, the first four pages was a four-page document, the first four pages being the pages.

MR. WILLIAMSON: And I think they are each clearly labeled.

THE COURT: Right.

(The document referred to, previously identified as Defendant's Exhibit No. 19, pages 1 through 4 were received in evidence.)



Att. E

MR. GARDEN: We just want the record to reflect, Your Honor, that it's our understanding, and I'm certain we are going to have testimony on this, just because this document is -- all of it's here, that the remaining pages were not in fact part of this application.

THE COURT: Very well.

MR. GARDEN: You know, we're not testifying, but I would hate to have the Court go back and look at this document and forget that in fact the attachments were not part of this application.

THE COURT: Actually there are page numbers at the bottom right-hand corner, and I think that encompasses, if I'm right, 04684 and 04685 and 04686 and 04687.

MR. WILLIAMSON: Yes, that's correct, Your Honor.

THE COURT: Those four pages are the ones that are admitted into evidence as Defendant's Exhibit 19.

BY MR. WILLIAMSON:

Q Mr. Mummery, in that same binder could you please, sir, turn to Defendant's Exhibit 17, which is the sales contract between you and Brannon's Resort, is that correct?



Att. E