IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE SWEETWATER, A WILDERNESS LODGE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-1795C |
| v. | ) | (Senior Judge Merow) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S MOTION TO SUSPEND BRIEFING

Defendant respectfully requests the Court enter an order suspending briefing on plaintiff's Application for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act, and granting an enlargement of time of 30 days after final judgment in this action for the United States to respond to the application. Defendant's response to plaintiff's application is currently due on or before October 10, 2006.

This Court may enlarge the period within which to perform an act for cause shown before the expiration of the original period. See RCFC 6(b)(1). Cause exists for a suspension and an enlargement because there is, as yet, no final judgment in this action. The Court entered judgment on August 25, 2006. Plaintiff then filed a motion for reconsideration, and the Court requested a response from the United States. The United States filed its response on October 5, 2006. Pursuant to Federal Rules of Appellate Procedure 4(a)(1)(B) and 4(a)(4)(A)(iv), the judgment is appealable within 60 days after the date the Court disposes of plaintiff's motion for reconsideration (and any other motions for reconsideration). "Final judgment" is defined in the EAJA statute as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G);

Melkonyan v. Sullivan, 501 U.S. 89, 95 (1991). Accordingly, plaintiff's motion is premature and the Court lacks jurisdiction to consider it at this time.[1]

In addition, a suspension of briefing and enlargement at this time may preclude the need for the parties to litigate whether plaintiff is an eligible party under EAJA and whether the United States' position in the litigation was and is substantially justified. Briefing of the latter issue will depend on an analysis of any modification of judgment by this Court in response to the motion for reconsideration, as well as any action by the United States Court of Appeals for the Federal Circuit if one or both parties file an appeal. The enlargement would, therefore, assist the parties and serve judicial economy.

Counsel for plaintiff has represented that plaintiff opposes the relief requested in this motion, and will consent to an enlargement of only 14 days. However, plaintiff's position makes no sense given that the Court's judgment will not be final and unappealable at that time; plaintiff's application, and any response to the application, will still be premature. 28 U.S.C. § 2412(d)(2)(G).

For these reasons, the United States respectfully requests a suspension of briefing and an enlargement of time of 30 days from the date judgment becomes final and unappealable within which the Government may respond to The Sweetwater's application for fees and costs under EAJA.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

[1] The Court could deny plaintiff's application on this basis alone.

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Gregg M. Schwind
GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tel: (202) 353-2345
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

KENNETH S. CAPPS
Office of General Counsel
U.S. Department of Agriculture
740 Simms Street, Room 309
Golden, CO 80401-4720

October 6, 2006