# In the United States Court of Federal Claims

No. 02-1795 C
(Filed October 6, 2006)

***********************************

THE SWEETWATER, A WILDERNESS LODGE LLC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

***********************************

## ORDER

Plaintiff's Corrected Motion for Reconsideration filed September 14, 2006, seeks an increase of the value for The Sweetwater's improvements, set forth in the Opinion, filed August 25, 2006. Plaintiff cites a purported impact of Clause 15 of the Term Special Use Permit executed by the parties and also asserts that an additional increase in the per unit value for The Sweetwater is appropriate based on the court's determination that the facility comprised five guest units, not six. It is concluded that no valid basis is shown for an increase in value based on Clause 15. Also retaining the per unit value of $150,000, after the determination as to five guest units, was intentional and intended to compensate for using the high end of the range of values proposed by the parties. *See* Slip Opinion, p. 33. No viable basis for reconsideration as to these matters has been shown.

In response to plaintiff's motion for reconsideration, defendant argues for a remand to the Department of Agriculture to determine the compensation called for by Clause 15 of the Term Special Use Permit. As noted in the Opinion, pp. 24, 29, the Forest Service declined to exercise the termination provision involved. The actions taken by the Forest Service would support a determination that there was a taking of plaintiff's property requiring the payment of just compensation. However, the existence of Clause 15 in the permit, although not exercised by the Forest Service,

serves to cap the damages to which plaintiff is entitled. *G. C. Casebolt Co. v. United* States, 190 Ct. Cl. 783, 786, 421 F.2d 710, 712 (1970); *Best Foam Fabricators, Inc. v. United States*, 38 Fed. Cl. 627, 638 (1997). By an intentional Forest Service decision not to initiate Clause 15 action and provide an appraisal amount, this litigation was engendered. There was no administrative termination decision in this matter which would call for remand action to determine the damages involved.

Plaintiff notes that the admission in evidence of defendant's exhibit 19, The Sweetwater's permit application, was limited to the initial four pages (Tr. 485-88) and the material quoted on Slip Opinion, p. 12, appears on page seven of this document. In this circumstance the material cited was incorrectly included in the Opinion and shall be deleted. This deletion has no impact on any aspect of the Opinion.

Plaintiff asserts that errors were made in the calculation of The Sweetwater's actual out-of-pocket expenditures after April 3, 2001. Defendant's response largely confirms the information set forth.

In view of the submissions of both parties, the expense calculations derived from plaintiff's exhibits 42 and 43, have been re-examined and the conclusion reached that modifications are required. Depreciation and amortization were incorrectly included in calculations and must be removed. These accounting entries do not comprise out-of-pocket expenditures for which plaintiff is entitled to be reimbursed. Defendant asserts that management fees should also be removed, but it is considered that this is an appropriate expenditure as the facility required management even if closed. A management fee was omitted from the 2001 amounts and shall be added.

Accordingly, it is **ORDERED**:

(1) That plaintiff's Corrected Motion for Reconsideration, filed September 14, 2006, shall be **GRANTED** in part and shall be otherwise, **DENIED**;.

(2) The Opinion, filed August 15, 2006, shall be modified as follows:

(a) At page 12 of the Slip Opinion, the sentence reading "Included with the Application, under 'Resort

Improvements' was the following statement" shall be deleted together with the statement quoted;

(b) At page 34 of the Slip Opinion, the figures set forth in the chart shall be modified as follows:

| | |
|---|---|
| Apr. 3, 2001 - Dec. 31, 2001 | $ 28,216.38 [1/] |
| 2002 | $ 31,368.42 [2/] |
| 2003 | $ 22,060.00 [3/] |
| 2004 | $ 30,059.90 [4/] |
| **Total** | $ 111,704.70 |

(c) On page 34 of the Slip Opinion, the 45-month average per-month expenditure shall be changed from $3,167.68 to $2,482.32 with the result that the penultimate sentence on page 34 is modified to read "Thus in addition to $637,010 for the permit termination as of April 3, 2001, The Sweetwater is entitled to recover, as a part of the damages, measured by equitable consideration, its post-April 3, 2001 to December 31, 2004 out-of-pocket expenditures of $111,704.70, plus $2,482.32 each month thereafter until date of final judgment[]";

(d) Conclusion section (b) on page 35 of the Slip Opinion is modified to substitute $111,704.70 for $142,545.68;

---

[1/] $4,500 prorated management fee added.

[2/] $10,704 subtracted for amortization and depreciation $4,678.12 added for correction of deduction for liquor.

[3/] $7,917 subtracted for amortization and depreciation.

[4/] $13,831 subtracted as legal expense; $7,567 subtracted as amortization and depreciation.

(e) Conclusion section (c) is modified to read "$2,482.32 per month for each month after December 31, 2004, until date of final judgment herein, also a part of damages, measured by equitable consideration, consisting of plaintiff's continuing out-of-pocket expenditures[] and";

(f) Except for the modifications set forth, herein, plaintiff's Reconsideration Motion is, otherwise, **DENIED**;

(g) The judgment, entered on August 28, 2006, shall be **VACATED**, the certified transcript of judgment issued on August 30, 2006, shall be returned, and a new judgment shall be entered reflecting the modifications set forth above;

(h) A revised opinion shall be filed incorporating the modifications ordered herein.

/s James F. Merow
James F. Merow
Senior Judge