# In the United States Court of Federal Claims

No. 02-1795 C
(Filed November 29, 2006)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| THE SWEETWATER, A WILDERNESS LODGE LLC., | \* |
| Plaintiff, | \* |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

As the time for filing a Notice of Appeal in this matter has not yet passed, judgment in this matter is not "final" as the term is applied in 28 U.S.C. §2412(d)(1)(B). As the thirty-day period for filing an EAJA petition begins to run after the time to appeal the final judgment from this court, or from the Federal Circuit should an appeal be taken, has expired, plaintiff's Application filed on September 22, 2006, is premature. *SAI Indus. Corp. v. United States*, 421 F.3d 1344, 1346 (Fed. Cir. 2005); *Youngdale & Sons Const. Co. v. United States*, 31 Fed. Cl. 167 (1994). Plaintiff's premature application has not been stricken, but may be ineffective to trigger consideration of the matter.

Accordingly, it is **ORDERED**:

(1) that if EAJA recovery is sought, plaintiff shall timely refile its Application, or file a new Application, within thirty days of final judgment, with defendant's response time to run from this filing. RCFC 54(d)(2)(D).

(2) this Order clarifies the Order, filed October 6, 2006.

s/ James F. Merow
James F. Merow
Senior Judge