IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE SWEETWATER, A WILDERNESS LODGE LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 02-1795C<br>(Senior Judge Merow) |

**PLAINTIFF'S MOTION FOR A STATUS CONFERENCE**

Plaintiff The Sweetwater, A Wilderness Lodge LLC ("The Sweetwater") hereby respectfully requests a status conference so that the Court and the parties can discuss and resolve issues raised by the government regarding compliance with the Court's Judgment in this matter issued on October 12, 2006. Counsel for the government has informed The Sweetwater that he opposes this request for a status conference,[1] but that he is available for such a conference on Monday, December 18, and Tuesday, December 19, 2006. Counsel for The Sweetwater is also available on any day between December 18-21, 2006.

In its Judgment in this matter, the Court stated that The Sweetwater "may obtain payment of this judgment only upon tender of a deed or other appropriate document, in such form as the Attorney General, or his authorized representative, may deem necessary to assure that the defendant acquires valid ownership of The Sweetwater's improvements on the 15.4 acre site covered by the permit." While this judgment became final as of December 12, 2006, government counsel had previously informed The Sweetwater that the government would not be

[1]Counsel for the government stated to The Sweetwater as follows: "Do not represent to the court that the United States agrees to this conference or is joining your request for this conference in any way."

appealing the judgment. Since that notice, the parties have been attempting to agree upon an appropriate document which complies with the Court's direction. However, to date the government has not agreed to the terms of such a document.

Because every day which passes results in financial harm to The Sweetwater and a corresponding financial benefit to the government, The Sweetwater is seeking to resolve this matter as soon as possible. As the Court may recall, the government asserted in its submissions to the Court that the Court's judgment should not be structured in such a way that The Sweetwater had an incentive to prolong meeting the terms of the Court's judgment. The Court agreed with the government's request, and now in fact the government has an incentive to prolong meeting the terms of the Court's judgment given that no interest is accruing on the amounts owed by the government.

The Sweetwater is seeking prompt payment of monies owed to it since 2001 (based on the Court's determination of the date the permit was terminated), and for which it has not nor will receive interest. Given the Court's finding that The Sweetwater is owed $637,010 for the lodge facilities based on their value as of April 2001, the applicable amount of interest on this principal from termination through December of 2006 at the rates established under the Renegotiation Act is <u>$175,886</u>. Therefore, by not terminating the contract in a timely manner and forcing The Sweetwater to bring suit for monies owed to it, the government has received and will retain $175,886 by holding The Sweetwater's monies in its own accounts for this period.[2] While under any notion of justice The Sweetwater should be entitled to this amount, federal statutes preclude The Sweetwater from receiving it. We are urging the Court not to allow the

[2] In addition to receiving and retaining this benefit by forcing The Sweetwater to bring suit for payment under the contract at issue, the government also forced The Sweetwater to incur well over $350,000 in legal costs which are the subject of The Sweetwater's pending motion for attorneys fees' and costs.

government to continue further improper accumulation of financial benefits by failing to promptly pay amounts to The Sweetwater which are legally owed to it.

For the reasons set forth above, The Sweetwater respectfully requests that the Court conduct a status conference at the Court's convenience to resolve the issues related to complying with the Court's judgment.

Respectfully submitted,

s/Kevin R. Garden

Kevin R. Garden
THE GARDEN LAW FIRM P.C.
301 N. Pitt Street, Suite 325
Alexandria, VA 22314
(703) 535-5565

Dated: December 14, 2006