**U.S. Department of Justice**

Civil Division

PDK:DMC:KAB:GMS
D.J. No. 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

Tel. (202) 353-2345
Fax (202) 514-8624

*Washington, D.C. 20530*

January 19, 2007

**VIA ELECTRONIC AND FIRST CLASS MAIL**

Kevin Garden, Esq.
211 North Union Street
Suite 100
Alexandria, VA 22314

Re: The Sweetwater, A Wilderness Lodge LLP v. United States, No. 02-1795

Dear Mr. Garden:

I attach the latest version of the Agreement to Convey Ownership in Improvements and Bill of Sale incorporating the changes discussed during yesterday's meeting with Judge Merow.[1] Notably, the changes are cosmetic when compared to the Government's previous version of the documents. I emphasize this because of your (until yesterday's e-mail following the meeting) near-constant threats of sanctions included in your letters related to the agreement. As a general matter, Judge Merow has shown very little, if any, sympathy to your objections to the terms of the agreement. My agreement to remove certain minor items (see my letter dated December 28, 2006) was made only to settle the dispute and move the process forward – not because of your threats of sanctions or because of anything the judge suggested.

That said, the meetings with Judge Merow have served to validate the Government's insistence on the terms of the transfer documents and to convince you that your objections and threats are misplaced. Judge Merow also advised at the close of yesterday's meeting that it would be prudent to have an idea of the cost to clean and repair the damage to the lodge buildings as a result of the rodent infestation. We agreed to do so. After a lengthy discussion with Forest Service personnel, our plan is to have a contractor inspect the lodge and prepare a proposal and estimate to clean and repair the interiors of the facilities. I am told that with respect to certain items (for example, bedding, mattresses, and carpets), replacement may be required.

---

[1] Your version of the Agreement provided to Judge Merow yesterday inadvertently omitted two phrases from the previous iteration of the document (attached to my December 14 letter). Given that I never agreed to remove them, these appear in the attached document.

After reading Mr. Mangus' January 17 letter, attesting to his assumption in appraising the property that the lodge would be sold in maintained condition, I am convinced that the United States is entitled to the transfer of the lodge in the same maintained condition. This conclusion is supported by the Court's awarding your client a $6,000 "management fee" through 2005. It is clear to me from the judge's reaction to the photographs that the Court was wholly unaware of the interior condition of the buildings when it issued its opinion. While the transfer and the "sales price" of the transfer are, as you say, being "forced" upon the parties, the remaining terms of the transfer are not.

In any event, we are moving forward with Judge Merow's recommendation and will forward you the proposal and estimate as soon as possible. I am hopeful that the parties can then negotiate a final resolution of the rodent damage issue and effect the transfer of the lodge as envisioned by the Court.

Sincerely,

GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch

Enclosures

**AGREEMENT TO CONVEY OWNERSHIP IN IMPROVEMENTS**

Washington, DC, January __, 2007

WHEREAS, The Sweetwater, A Wilderness Lodge LLC (hereinafter referred to as "The Sweetwater") and the United States desire to carry through the Final Judgment issued by the United States Court of Federal Claims in the matter of *The Sweetwater, A Wilderness Lodge LLC v. United States*, No. 02-1795C and dated October 12, 2006;

The Sweetwater and the United States hereby enter into the following agreement:

The United States agrees to pay in a prompt manner that amount as set forth in the Final Judgment issued by the United States Court of Federal Claims dated October 12, 2006 in the matter of *The Sweetwater, A Wilderness Lodge LLC v. United States*, No. 02-1795C (a copy of which is attached hereto) as payment in full for all improvements, structural or otherwise, located on the 15.4-acre site covered by the Term Special Use Permit issued by the United States Department of Agriculture Forest Service and dated August 21, 1995. Both parties to this agreement have determined that the total amount of funds to be paid pursuant to the Court of Federal Claims Final Judgment is $806,688.88.

The Sweetwater agrees to convey the following property to the United States: all structures and all other attached or unattached property (collectively the "Improvements") located on the 15.4-acre site covered by the Term Special Use Permit which was issued by the United States Department of Agriculture Forest Service and dated August 21, 1995. The Improvements include a lodge building, five cabins, a manager's residence, water and sewage systems, all utility lines, and fencing. The Improvements also include all property, whether attached or unattached, present on the site area on May 4, 2005, the date the Improvements were appraised by Mr. Que Mangus as part of the litigation referenced above. The Improvements include, but are not limited to, the items listed on the attached document titled "Sweetwater Improvements Transferred To The United States," and this document is part of this Agreement. The Sweetwater warrants and represents that neither it nor any of its representatives have removed or damaged, or are aware of the removal of or damage to, any property of any kind from the site since the date on which the lodge facilities were appraised by Mr. Que Mangus for purposes of the litigation referenced above.

The Sweetwater warrants and represents that it presently has title to the Improvements, and that at the time the transfer is consummated, The Sweetwater will convey to the United States good and marketable title to the Improvements at the time it executes the attached Bill of Sale. The Sweetwater further warrants and represents that: (i) to the best of The Sweetwater's knowledge, there are no parties in possession or occupancy of the Improvements other than The Sweetwater; (ii) The Sweetwater shall not in any way alter or authorize the alteration the present state of the Improvements so long as this agreement is in effect; (iii) as of the date hereof and on the date of transfer the

interiors of the structures to be conveyed are free of trash, animal excrement/urine, foul odors, and other debris; (iv) as of the date hereof and on the date of transfer there is and shall be no litigation pending or threatened which in any manner affects the Improvements; (v) as of the date hereof and on the date of transfer there are no leases, written or oral, affecting the Improvements; and (vi) as of the date hereof and on the date of transfer the Improvements are not encumbered by any lien, mortgage, or other secured interest.

The Sweetwater warrants and represents that there are, and will be, no agent's, broker's, or other intermediary's fees or commissions payable as a consequence of this transaction, and that it has not dealt with a broker, agent, or other intermediary who might by reason of such dealing have any claim for a fee, commission, or other compensation, expenses, or charges of whatever nature that would constitute an encumbrance on title to the Improvements.

Pursuant to this Agreement, The Sweetwater will execute and deliver a good and sufficient bill of sale, and deliver same to the United States conveying good and marketable title in the Improvements. The Sweetwater will also provide to the United States proper and adequate releases of any mortgage or other interests held by any institution or person in the Improvements as well as documentation demonstrating that all outstanding tax liabilities have been satisfied.

Possession of the Improvements shall be delivered free of all trash, animal excrement/urine, and other debris, to the United States upon execution of this document. Any warranties not explicitly identified herein are not applicable to this agreement.

Executed by:

On behalf of The Sweetwater, A Wilderness Lodge, LLC,

____________________________

Jeffrey C. Mummery
Managing Partner
The Sweetwater, A Wilderness Lodge LLC

Dated: ______________________

On behalf of the United States,

____________________________

Rebecca Aus
Forest Supervisor
Shoshone National Forest

Dated: ______________________

# BILL OF SALE

KNOW ALL MEN BY THESE PRESENTS that The Sweetwater, a Wilderness Lodge, LLC, a Wyoming Limited Liability Company, of the County of Park, State of Wyoming, for and in consideration of payment of the sum of $806,688.88 the receipt and sufficiency of which is hereby acknowledged, does hereby transfer and convey to the United States, all Improvements located on the 15.4-acre site covered by the Term Special Use Permit which was issued by the United States Department of Agriculture Forest Service to The Sweetwater, A Wilderness Lodge, LLC and dated August 21, 1995. The Improvements include a lodge building, five cabins, a manager's residence, water and sewage systems, all utility lines, and fencing. The Improvements also include all property, whether attached or unattached, present on the site at the time the Improvements were appraised as part of the litigation between the parties. The Improvements include, but are not limited to, the items listed on the attached document titled "Sweetwater Improvements Transferred To The United States." These Improvements are being conveyed pursuant to the "Agreement to Convey Ownership in Improvements" signed by the parties on_______________.

The Sweetwater further warrants and represents that: (i) to the best of The Sweetwater's knowledge, there are no parties in possession or occupancy of the Improvements; (ii) The Sweetwater has not in any way altered the state of the Improvements since the date of the Agreement between the parties; (iii) as of the date hereof the interiors of the structures to be conveyed are free of trash, animal excrement/urine, foul odors, and other debris (iv) as of the date hereof there is no litigation pending or threatened which in any manner affects the Improvements; (v) as of the date hereof there are no leases, written or oral, affecting the Improvements; and (vi) as of the date hereof the Improvements are not encumbered by any lien, mortgage, or other secured interest.

The Sweetwater binds itself, its successors and assigns, to warrant and defend the title to all of the Improvements to the United States, its successors and assigns, forever against every person lawfully claiming the described property or any part of it.

IN WITNESS WHEREOF, ___________________________ and

_____________________ have hereunto set their hands and seals this ______ day of

____________________, 2006.