**U.S. Department of Justice**

Civil Division

PDK:DMC:KAB:GMS
D.J. No. 154-06-716

Tel. (202) 353-2345
Fax (202) 514-8624

*Washington, D.C. 20530*

January 12, 2007

**VIA ELECTRONIC AND FIRST CLASS MAIL**

Kevin Garden, Esq.
211 North Union Street
Suite 100
Alexandria, VA 22314

Re: The Sweetwater, A Wilderness Lodge LLP v. United States, No. 02-1795

Dear Mr. Garden:

I write in response to your letter dated January 2. I have been on travel for most of the days since the New Year; hence the somewhat delayed response.

Once again, I am not responding to every point in your letter and I am simply ignoring your tired accusations of bad faith and conspiracy. My purpose remains to move the process of complying with the court's judgment forward to a close. I can assure you that your written gyrations and your client's unreasonable positions have only hindered what should have been a quick, orderly process.

First, in light of the January 6 letter from Mr. Mangus attesting that he did not consider the Sweetwater's vehicles when conducting the May 2005 appraisal, I have decided not to insist on a transfer of title to The Sweetwater's vehicle(s) as part of executing the final judgment. That said, it is clear that the Sweetwater's assets through 2005 included vehicles and that Mr. Mangus has not explained the property he included in his $70,000 estimate of "Non-Realty Components of Value." For these reasons, the issue was (and still is) a valid one. But the bottom line is that we do not need to negotiate the disposition of any vehicles as part of the property transfer.

Second, our request for Mr. Mangus' contemporaneous notes of the non-realty property he saw on the property stands. Your objection that this request is a "transparent post-discovery and post-trial fishing expedition" is at best exaggerated. You and your client could quickly obtain these notes with little effort; your steadfast refusal to do so suggests that you and your client are concealing the true scope of the non-realty property appraised. That said, we will agree to use your client's inventory of non-realty items he prepared in December, with a warranty that the list represents all the non-realty property present at the lodge at the time of the May 2005

appraisal. If your client needs to amend the list to include property that he and/or someone with his approval removed from the lodge, please let me know as soon as possible. This should resolve the issue and allow the parties to focus on the terms of the transfer documents themselves.

Finally, I told you in my December 28 letter that the interior condition of The Sweetwater has deteriorated to the point that the structures are uninhabitable and that the United States may seek a new trial on the question of valuation. Your response does not deny the foul condition of the buildings, primarily the result of rat infestation. Instead, you represent that the buildings were in no better condition in May 2005. Yet it is inconceivable that Mr. Mangus could have valued the lodge at $900,000 if the interiors of the buildings had been in such a deplorable and repulsive state (a deplorable and repulsive state that, again, you do not deny). I reiterate that: (1) the court's judgment is implicitly based upon receiving the lodge in substantially the same condition it was in at the time of appraisal and (2) the court did not require – and I will not accept – the inclusion of the term "as is" in the transfer documents. Thus, there appears to be two possible resolutions of the current dispute: (1) you and your client sign the documents and receive payment after returning the property to its May 2005 condition; or (2) your client agrees to reduce his award by a sum reflecting the loss of value caused by the vermin infestation.

I have already deleted the references to "broom-swept" condition and the hazardous materials warranty as you insisted previously. I have now also agreed to permit The Sweetwater's vehicles to be excluded from the property transfer, and have agreed to rely upon Mr. Mummery's inventory list of non-realty property. Consistent with the court's judgment, the standard warranties simply insure that the United States obtains clear title to the lodge and non-realty property, and that the lodge is in substantially the same condition it was appraised. You have provided no basis to delete these items from the transfer documents. Given the court's judgment and the nature of the property at issue, your client would be wise to agree to the warranties and obtain payment of the award.

Sincerely,

GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch