IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE SWEETWATER, A WILDERNESS LODGE LLC, | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-1795C |
| v. | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S THIRD MOTION FOR STATUS CONFERENCE

Defendant respectfully opposes The Sweetwater's request for a third post-trial status conference. The parties have previously participated in two status conferences since the judgment in this case became final and unappealable, most recently on January 18, 2007. The conferences have been helpful; however, at this time we respectfully ask the Court to deny plaintiff's motion, so as to encourage the parties to negotiate their differences of opinion as to the terms preceding payment of the judgment. For reasons detailed below, The Sweetwater's motion is at best an improper request for legal advice and at worst an attempt to obtain a more favorable judgment from the Court outside of the Court's rules.

The Sweetwater claims in its motion for a third status conference that it now seeks "clarification" of the Court's judgment, and it wants the Court to set a briefing schedule for such a motion for "clarification," if the Court decides briefing is necessary. The Sweetwater asserts

that "clarification" is necessitated by the parties' divergent positions on the state of the lodge upon payment of the judgment and transfer of title to the United States.[1]

At this time, over three months after the entry of judgment in this case, the Rules of the Court of Federal Claims do not allow for the so-called motion for "clarification" sought by plaintiff. Moreover, the rules certainly do not authorize the Court to modify its judgment at a status conference. Accordingly, plaintiff's motion for a status conference is an improper means to avoid compliance with the rules and obtain a pseudo-judgment from the Court. Moreover, the proposed motion for clarification, even if permitted by the Court, may prove unnecessary given the progress of the parties to date in resolving a number of issues related to the final judgment. This is because the one major remaining issue in dispute – the extent to which The Sweetwater is responsible for correcting the current uninhabitable condition of the lodge buildings due to damage from rat infestation – may very well be settled through negotiation between the parties.

The United States has advised plaintiff that it is obtaining a proposal and estimate to clean and repair The Sweetwater's lodge buildings. We believe this is consistent with the Court's observations during the January 18 status conference.[2] Once we have the estimate, we will determine whether the cost of cleaning and repair is *de minimis*; if not, we expect to

---

[1] The Sweetwater also makes a number of factual assertions that are demonstrably false and legal arguments with which we disagree. For example, plaintiff claims that the Government's closure of the two bridges to The Sweetwater "precluded [Mr. Mummery] from accessing the lodge in a reasonable and regular basis." Pl. Mot. at 3 n. 1. This is patently untrue; Mr. Mummery was provided keys to the gates blocking the bridges and is able to visit the lodge at his pleasure.

[2] In response to the claim in plaintiff's motion, we do not believe that the Court has "validated" our position as to which party bears responsibility for the rat infestation and current uninhabitable state of the lodge. The Court only acknowledged the issue and recommended that we determine the costs of cleaning and repair, if for no other reason than to determine whether the issue was worth arguing over.

negotiate a resolution of the costs with The Sweetwater prior to payment.[3] If negotiation proves fruitless, one or both of the parties may then seek relief from the Court. However, we respectfully submit that continuing to grant The Sweetwater's requests for status conferences at this time is not only unnecessary, but may serve as a disincentive for The Sweetwater to negotiate a resolution of the rat infestation and any other issue that arises between the parties prior to payment.

For these reasons, the United States respectfully requests that the Court deny The Sweetwater's motion for a third status conference.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

[3] For example, under the Court's judgment, the United States would have been liable for extermination expenses incurred by The Sweetwater after the constructive termination of the permit in April 2001. Indeed, plaintiff continued obtaining pest control service through 2002 (included in the judgment), but then inexplicably discontinued the service thereafter. See Exhibit PX 42. It is this decision that has led to the current uninhabitable state of the lodge buildings. Pest control services averaged approximately $500 yearly from 1996 through 2002. We would likely agree to credit plaintiff this yearly amount (totaling $1,500 over three years) against the to-be-determined cost to clean and repair the lodge as a result of plaintiff's failure to continue the pest control service.

OF COUNSEL:

KENNETH S. CAPPS
Office of General Counsel
U.S. Department of Agriculture
740 Simms Street, Room 309
Golden, CO 80401-4720

s/ Gregg M. Schwind
GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tel: (202) 353-2345
Fax: (202) 514-8624

Attorneys for Defendant

January 22, 2007