IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE SWEETWATER, A WILDERNESS LODGE LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 02-1795C<br>(Senior Judge Merow) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION**
**TO PLAINTIFF'S THIRD MOTION FOR STATUS CONFERENCE**

The Sweetwater believes that the government's opposition makes it vividly apparent that the government is forwarding a patently meritless argument in an effort to delay making payment to The Sweetwater. As the Court's opinion makes clear at pages 33-34, The Sweetwater had no maintenance obligation as of 2001. In addition, The Sweetwater did not have reasonable or safe access *even if it had such an obligation.* The government is now also making deliberate and knowing misrepresentations about past access to the lodge facilities in an effort to give its current negotiation position a veneer of credibility.[1] Moreover, because The Sweetwater did not even know if it would be retaining the lodge facilities until August of 2006, it had every motivation to maintain the lodge using all reasonable efforts and certainly had no motive to cause or allow the facilities to deteriorate. For these reasons, the government's position has no

[1]It may be of interest to the Court to know that Mr. Mummery was told by the Forest Service in 2001 not to cross the bridges with his vehicle and later was told not to do so unless he was willing to cross at his own risk to his health and safety. The Forest Service then put up padlocked gates on the bridges and refused to provide him with a key to the locks until 2004. Given this extremely limited access, the allegation that Mr. Mummery could cross the bridges "at his pleasure" is a knowing falsehood.

credibility whatsoever and is nothing more than an improper effort to pressure The Sweetwater into reducing its award.

The Sweetwater has made it clear that it will not be coerced by such efforts, nor will it voluntarily allow itself to be further harmed by the government's delays. As The Sweetwater has informed the government, there are no ongoing "negotiations" as to whether The Sweetwater may or may not be reducing its award based on any assessment by the government to clean and repair the lodge. As the Court's opinion made explicitly clear, The Sweetwater had no such obligation and this "negotiation" was created unilaterally by the government solely as an effort to pressure The Sweetwater into reducing it award so as to avoid further delays. The government's specific insistence that the Court not hold a status conference to clarify this issue because doing so "may serve as a disincentive for The Sweetwater to negotiate" with the government (Opp. at 3) is all but an open admission that the government is aware that a clarification would preclude its efforts to force concessions from The Sweetwater.

These efforts have not, and will not, succeed. The government's effort to coyly claim that its request to delay payment even further is being caused by and thus attributable to the Court's recommendation is improper. The Sweetwater had all of its assets taken by the government in 2001, and to this date has not received any payment for those assets, even at their 2001 value. The Sweetwater has already lost, and the government has gained, almost $5,000 in interest just since this Court's judgment became final on December 12, 2006. This obviously excludes the prior huge windfall to the government of $175,000 based on the government withholding payment to The Sweetwater for the lodge since 2001, not to mention obtaining the immediate capital gain on the lodge of $174,000 due to the increase in its value between 2001-2007.

The Sweetwater will not agree to allow the government to obtain additional ill-gotten gains at The Sweetwater's expense. Therefore, The Sweetwater respectfully requests that the Court hold a status conference to discuss any issues related to clarifying its judgment to prevent this improper result from occurring. If the Court believes that a status conference would not be appropriate or helpful, The Sweetwater then requests that the Court issue an Order that authorizes The Sweetwater to submit a motion for clarification and sanctions by January 25, 2007, and sets the date for the government's response on January 29, 2007, and The Sweetwater's reply by January 30, 2007. The Sweetwater would appreciate the opportunity to demonstrate that the government's conduct is not only without any legal basis, but that it in fact is being improperly undertaken solely to enhance the government's position in this case and therefore merits sanctions.[2]

Respectfully submitted,

s/Kevin R. Garden

Kevin R. Garden
THE GARDEN LAW FIRM P.C.
301 N. Pitt Street, Suite 325
Alexandria, VA 22314
(703) 535-5565

[2] For example, the government now admits that, six weeks after the Court's judgment became final, it is still refusing to pay The Sweetwater because of the purported lack of lodge maintenance even though the government does not know how much it would cost to clean up the lodge and that the cost may in fact be *de minimis.* **As stated above, this entire issue is irrelevant.** In addition, the government does not offer any evidence to refute the fact that the lodge condition is no different than its condition as of May 2005 other than differences due to normal wear and tear. The government's willingness to delay first, and then determine whether it even should be delaying, shows the impropriety of the government's conduct. While the government admits that it does not even know the costs related to its assertion that the lodge needs to be cleaned up, what the government does know is that it is benefiting each day by any further delays due to it not being obligated to pay interest and that the government's ability to hold off from paying The Sweetwater for its lodge facilities has to date resulted in a $175,000 windfall to the government.

Dated: January 22, 2007