# In the United States Court of Federal Claims

No. 02-1795 C
(Filed January 24, 2007)

***********************************
THE SWEETWATER, A WILDERNESS LODGE LLC., Plaintiff,

v.

THE UNITED STATES, Defendant.
***********************************

**ORDER**

This matter comes before the court on Plaintiff's Third Motion for a Status Conference. Defendant opposes this motion.

The subject matter involved in this conference request is the payment of the final judgment entered in this case on October 12, 2006. Payment of the judgment was conditioned on plaintiff's "tender of a deed or other appropriate document, in such form as the Attorney General, or his authorized representative, may deem necessary to assure that defendant acquires valid ownership of The Sweetwater's improvements on the 15.4 acre site covered by the permit."

The parties have experienced some difficulty in reaching agreement on the terms of the document required to assure defendant acquires valid ownership. Several conferences have addressed this matter with some success. However, one issue remains in contention. Having been unoccupied for a substantial period of time, several buildings on the permit site involved exhibit pest residue which will now require some remedial action before the buildings could be utilized although it was not clear whether or not defendant contemplates occupancy of the buildings. Defendant has proposed that the document to be signed by the parties to assure valid ownership by defendant include a warranty that the site buildings are free of pest

residue. If included, as a condition for obtaining payment of the October 12, 2006 final judgment this language would require that plaintiff now expend funds to remove pest residue and warrant the condition of the buildings.

The modified Opinion, filed October 6, 2006, awarded plaintiff $637,010.00 for the value of the site improvements as of April 3, 2001. Plaintiff was also awarded additional amounts to reimburse its out-of-pocket expenses after April 3, 2001, to date of judgment.

By analogy to "takings" law, the $637,010 value as of April 3, 2001, which plaintiff is to recover as equitable compensation, is not affected either up or down by elements resulting subsequent to April 3, 2001. *See Olson v. United States*, 292 U.S. 246, 256 (1934); *Yachts America, Inc. v. United States*, 8 Cl. Ct. 278, 288, aff'd, 779 F.2d 656 (1985); *Jones v. United States*, 1 Cl. Ct. 329 (1983); *King v. United States*, 205 Ct. Cl. 512, 504 F.2d 1138,1142 (1974). That is, pest residue or any other circumstance developed subsequent to April 3, 2001, would not affect the value determination awarded, which was set as of April 3, 2001.

With respect to the reimbursement for out-of-pocket expenditures, subsequent to April 3, 2001, which were awarded as an additional part of equitable consideration, no party argued prior to final judgment, that the sum should be increased to encompass a clean-up expense to be now incurred as a requirement for title transfer.

Clearly, provisions in the title transfer document which assure defendant that the transfer will provide valid title and not generate further claims against the United States, such as in *Armstrong v. United States*, 364 U.S. 40 (1960), are needed. However, the judgment payment condition for the tender of a deed or other appropriate document can not reasonably contemplate the inclusion of provisions, such as one concerning current clean-up of pest residue, which would require now incurring additional expense to obtain payment of the sums awarded by final judgment.

It is recognized that the matter of recovery under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), remains for resolution. If a recovery under this statute were to be ordered, an additional monetary judgment would be entered. Prior to resolution of this Equal Access Claim by the court, the parties can, of course, reach a settlement which would obviate the need for further consideration in this regard. In any event,

this remaining Equal Access proceeding has no relevance with respect to the payment of the final judgment entered on October 12, 2006, but the proceedings with respect to obtaining payment of the October 12, 2006 judgment could, conceivably, have relevance with respect to the claim under 28 U.S.C. § 2412(d).

Accordingly, with the elimination of a pest residue clause, there appears to be no remaining controversy concerning the appropriate document to reflect title transfer to the United States. In this circumstance, it is assumed that payment of the October 12, 2006 judgment will occur promptly and no need for a third status conference is evident. Thus, it is **ORDERED** that plaintiff's motion, filed January 21, 2007, is **DENIED**.

s/ James F. Merow
James F. Merow
Senior Judge