# In the United States Court of Federal Claims

No. 02-1795 C
(Filed February 9, 2007)

| | | |
|---|---|---|
| THE SWEETWATER, A WILDERNESS LODGE LLC, Plaintiff, | * | Equal Access to Justice Act; Apportionment; Interest for Late Payment; Pre-Litigation Fees and Expenses. |
| v. | * | |
| THE UNITED STATES, Defendant. | * | |

## OPINION

*Kevin R. Garden*, Alexandria, Virginia, for the plaintiff.

*Gregg M. Schwind,* Department of Justice, Washington D.C., with whom were Assistant Attorney General *Peter D. Keisler*, *David M. Cohen*, Director, *Kathryn A. Bleecker*, Assistant Director, and *Kenneth S. Capps*, Attorney-Advisor, Office of General Counsel Mountain Region, U. S. Department of Agriculture, for defendant.

**Merow**, *Senior Judge*.

This opinion addresses plaintiff's application for attorney fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2000).

The October 12, 2006 modified judgment in this litigation, resulted from the Opinion reported at 72 Fed. Cl. 208 (2006) (modified and reissued on October 6, 2006). With the expiration of the 60-day appeal period, the judgment became "final" on December 11, 2006, as that term is employed in the EAJA. *See* 28 U.S.C. § 2412(d)(1)(B); 28 U.S.C. § 1295(a)(3); Rule 4 of the Federal Rules of Appellate Procedure.

Plaintiff's EAJA application is timely as it was filed on December 12, 2006, a date "[w]ithin thirty days of final judgment in the action . . . ." 28 U.S.C. § 2412(d)(1)(B); *SAI Indus. Corp. v. United States*, 421 F.3d 1344 (Fed. Cir. 2005).

In addition to submitting a timely application, recovery of attorney fees and expenses under the EAJA requires that: (1) the applicant meet size requirements and be a prevailing party; (2) the government fail to establish that the government's position, viewed over the entire course of the dispute, was substantially justified; (3) no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A)-(B); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

The parties agree that plaintiff is a prevailing party, and it is undisputed that plaintiff meets the EAJA size requirements. However, defendant asserts that the government's position was substantially justified and opposes any recovery under the EAJA. This is mainly supported by noting that plaintiff did not recover all of the damages it claimed in this litigation. Plaintiff failed to recover on claims for its operating expenses prior to April 3, 2001, and for lost profits for the 20-year term of its permit which required the operation of a public resort on the remote 15.4-acre Forest Service site involved. Instead, in lieu of the just compensation which would have been awarded for a "taking" in the absence of a termination provision in the Forest Service Permit, plaintiff was awarded $637,010.00 in equitable consideration for the determined value of the improvements on the 15.4-acre site, as of April 3, 2001, for which plaintiff then held title. In addition, plaintiff was awarded its out-of-pocket expenses subsequent to April 3, 2001, with respect to the site improvements, pending transfer of title to the United States. *See Sweetwater, A Wilderness Lodge, LLC v. United States*, 72 Fed. Cl. 208, 229 (2006) (modified and reissued October 6, 2006.)[1/]

---

[1/] In a "Notice," filed January 25, 2007, deemed by the Order, filed January 31, 2007, to comprise a supplement to defendant's opposition to plaintiff's revised EAJA application, defendant asserts that had compensation been awarded strictly on the basis of a "taking" rationale, out-of-pocket expenses subsequent to the "taking" on April 3, 2001, would not have been recovered. *See, e.g., Olson v. United States*, 292 U.S. 246, 256 (1934). Defendant is correct, but neglects to note that plaintiff would, in that circumstance, also have been awarded, as part of just compensation, interest on $637,010.00 from April 3, 2001 to date of payment of the judgment, plus attorney's fees and expenses under the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. § 4654(c). *See Kirby Forest Indus. v. United States*, 467 U.S. 1 (1984); *Drakes Bay Land*

(continued...)

The substantial portion of the evidence presented in the resolution of this litigation was addressed to issues necessary to reach the recovery awarded to the plaintiff. A minor portion of the evidence presented was addressed to the claims on which no recovery was awarded. Rather than impacting the issue whether its position, over the entire course of this dispute was substantially justified, defendant's opposition to EAJA recovery is more appropriately considered as a request for apportionment, which may be called for where a party does not recover on all claims asserted. *Cmty. Heating & Plumbing Co., Inc. v. Garrett,* 2 F.3d 1143, 1146 (Fed. Cir. 1993).

In the circumstance detailed in the Opinion, reported at 72 Fed. Cl. 208 (2006), after rejecting bridge replacement funds in 1999 and effectively closing Forest Service Road Number 423 to traffic in 2001, resulting Forest Service liability to The Sweetwater became evident. A public resort cannot viably be operated if the public cannot travel to it. The Forest Service's refusal to proceed with procedures to compensate The Sweetwater, pursuant to permit provisions, compelled plaintiff to initiate this litigation. Completion of the contemplated appraisal of site improvements by Mark S. Sonderby in 2001 and resulting good faith negotiations could well have obviated the considerable expense to both parties involved in reaching a litigated resolution. *See* 72 Fed. Cl. at 222. The government's position, during the period of time this dispute had its genesis at the Forest Service, was not substantially justified.

In the litigation of this controversy, the government's assertions that it had a right to revoke The Sweetwater's permit without any compensation lacked substantial justification. As detailed in the Opinion reported at 72 Fed. Cl. 208 (2006), defendant's actions and inactions resulted in either a "taking," requiring the payment of just compensation, or a permit termination requiring the payment of "equitable consideration." No viable basis for permit termination without compensation was established at any stage in this controversy.

---

[1/](...continued)
*Co. v. United States*, 198 Ct. Cl. 506, 521-22, 459 F.2d 504, 512 (1972). These additional sums would likely exceed, in total, the limited out-of-pocket expenses awarded as a part of "equitable consideration" premised on the termination provisions of the Forest Service Permit.

It is necessary to reach a single determination as to whether the government's position in this matter was substantially justified. *Comm'r, I.N.S.*, 496 U.S. at 159; *Chiu v. United States*, 948 F.2d 711, 715 (Fed. Cir. 1991). Basing considerable weight on the agency's actions and inactions which spawned this litigation, and the government's rejected defense position against any compensation, it is concluded, on an overall basis, that the government's position has not been shown to be substantially justified. Plaintiff is entitled to appropriate EAJA compensation.

Plaintiff's EAJA claim, including added amounts for its EAJA application preparation and for required activity in connection with drafting an appropriate title transfer document, as required by the Judgment entered in this matter, 72 Fed. Cl. at 229, totals $366,473.58. This is computed on the basis of the statutory EAJA rate of $125/hour enhanced to $152.38 by an appropriate cost-of-living adjustment as demonstrated in Plaintiff's Revised Application, filed December 12, 2006, at page 9, fn. 10. No objection is made to this rate computation.

Defendant's Opposition filed December 28, 2006, in addition to asserting that its position was substantially justified, takes issue with several of the fees and costs claimed. Defendant opposes recovery of fees and costs claimed for periods prior to the commencement of litigation. Under the EAJA, fees and expenses incurred prior to litigation in court, when there is no adversary adjudication within the purview of 28 U.S.C. § 2412(d)(3), are not recoverable. *Levernier Constr. Inc. v. United States*, 947 F.2d 497, 502 (Fed. Cir. 1991). Plaintiff's claim includes $47,000 in fees representing work during 2002. The Complaint was filed, initiating this litigation, on December 6, 2002. The explanation provided for the $47,000 in 2002 fees shows that 41.3 hours were incurred either after December 6, 2002 or in connection with preparing the Complaint. At the $152.38 rate those hours total $6,293.29. Accordingly the remaining $40,706.71 must be deducted from plaintiff's claim as not recoverable under the EAJA.[2/]

---

[2/] Plaintiff argues that if this $40,706.71 is deducted from its EAJA claim, it should be added to the judgment entered on October 12, 2006, as additional out-of-pocket expenses subsequent to April 3, 2001. Legal fees not recoverable under the EAJA are not considered the type of out-of-pocket expense to be recovered as "equitable consideration" in the circumstances involved in this litigation. Moreover, any such further recovery would require RCFC 60(b) action and, in this circumstance, plaintiff withdraws its argument for an enhanced judgment. (*See* Pl.'s Reply 23 n.12, Jan. 8, 2007.)

Defendant argues that fees should be denied for the Motion for Reconsideration filed by plaintiff on September 14, 2006. However, plaintiff's motion was justified and resulted in a modified opinion and judgment. There is no valid basis to deny EAJA recovery for this aspect of the litigation.

Plaintiff's EAJA claim includes interest charges that plaintiff's attorneys assessed plaintiff for late payment of their fees. These "late fees" total $15,625.03. (*See* Exs. D, BB to Pl.'s Application, December 12, 2006 and Resp. to Notice, February 6, 2007.) Defendant opposes recovery of interest payments under the EAJA. While the EAJA does sanction a cost-of-living adjustment to the statutory rate, it does not permit recovery of interest for late payment. *Chiu*, 948 F.2d at 721; *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 712 (D.C. Cir. 1997); *Dist. of Columbia v. United States*, 67 Fed. Cl. 292, 343 (2005). Thus, $15,625.03 must be deleted from plaintiff's EAJA claim.

Defendant questioned $5,104.94 and $801.92 in expenses listed in Exhibits S and V to plaintiff's EAJA Application, filed December 12, 2006. In its Reply, filed January 8, 2007, plaintiff submitted its Exhibit Y providing an explanation for $3,626.70 of these expenses and reducing its claim by $2,280.16. Given counsel's explanation that the $3,626.70 was expended on litigation matters at his direction and the claim reduction, no further reduction for these expenses is required.

Plaintiff's EAJA claim includes $13,129.05 in fees for the expert witness John Pucetas, of Site Tek who testified as to the reconstruction cost of the site improvements owned by plaintiff on the Forest Service Permit site. Defendant opposes any recovery under the EAJA for this expert on the basis that the judgment for the value of the permit site improvements as of April 3, 2001, was grounded on evidence as to fair market value and not on reconstruction cost. However, the Opinion issued in this matter did rely on evidence supplied by Mr. Pucetas as to construction cost in the remote location involved (72 Fed. Cl. at 211). Moreover, the descriptions of site improvements provided by experts Que Mangus, John Frome and John Pucetas were all helpful in reaching the resolution to this litigation, and the evidence as to construction cost served as a check on the validity of the conclusion reached as to fair market value. Defendant has not established any valid basis on which to exclude the expense incurred for expert witness John Pucetas (Site Tek) from EAJA compensation. *See* 28 U.S.C. § 2412(d)(2)(A).

Defendant requests that the court consider the difference between the amount awarded and the amount claimed by plaintiff as a "special circumstance" which would render an award of EAJA compensation unjust pursuant to 28 U.S.C. § 2412(d)(1)(A). However, as noted previously only a minor portion of the evidence presented was addressed to claims, of some dollar value, on which plaintiff did not recover. It is estimated that not more than 10 percent of the time and expense claimed was attributed mainly to development and presentation of these claims consisting essentially of operating expenses prior to April 3, 2001, and asserted lost profits over the permit term. It is concluded plaintiff's EAJA claim, reduced by the deletions discussed above, should be further reduced by 10 percent to reflect that the success attained by plaintiff was limited somewhat. *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983); *Cmty. Heating & Plumbing Co.*, *supra*; *CEMS, Inc. v. United States*, 65 Fed. Cl. 473, 483-84 (2005).

Accordingly, it is **ORDERED** that judgment be entered in favor of plaintiff for EAJA compensation in the amount of $279,127.66.

s/ James F. Merow
James F. Merow
Senior Judge