IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE SWEETWATER, A WILDERNESS LODGE LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 02-1795C<br>(Senior Judge Merow) |

**PLAINTIFF'S MOTION FOR A CLARIFICATION OF THE COURT'S JUDGMENT AND REQUEST FOR EXPEDITED BRIEFING**

The Sweetwater, A Wilderness Lodge LLC ("The Sweetwater"), respectfully seeks a clarification of the Court's October 12, 2006 Judgment in this matter. The Sweetwater is asking the Court to issue an Order clarifying the Court's Judgment with regard to the particular obligations which The Sweetwater must agree to in order to receive its award in this case. The Sweetwater believes, pursuant to the Court's Opinion and Judgment, that The Sweetwater should not be required to execute a document which creates any obligations for The Sweetwater which exceed the obligations necessary to ensure that The Sweetwater transfers to the government clear and unencumbered title to the property at issue. The Sweetwater is asking that this understanding be explicitly included in the agreement signed by the parties transferring title to the property at issue.

The Sweetwater has agreed to all terms which ensure that The Sweetwater transfers clear and unencumbered title to the property. However, The Sweetwater is concerned that any new contract which it executes with the government will subsequently be used as a basis for the government to seek monetary damages against The Sweetwater based on the condition of the

lodge facilities at issue, irrespective of whether clear title has been transferred. This concern is based on the government's post-judgment filings in this matter in which the government has asserted its belief that The Sweetwater has such obligations. While The Sweetwater believes the Court's Opinion and subsequent Order clearly demonstrated that The Sweetwater had no obligation under the Term Permit for the condition of the lodge facilities after 2001, The Sweetwater is concerned that the government will use any new contract with The Sweetwater as a basis to obtain monies from The Sweetwater which the government otherwise believes are owed to the government.

Because The Sweetwater does not want to engage in any further litigation with the federal government over this matter, The Sweetwater is seeking to have the documents which pertain to the transfer of title to the government explicitly state that those documents do not create any obligations on The Sweetwater other than those related to the transfer of clear and unencumbered title. As The Sweetwater has learned from its experience in executing the Term Permit, unstated assumptions can lead to lengthy litigation. Therefore, in an effort to avoid a repeat of its prior situation related to the unstated assumptions about maintenance of the bridges to the lodge facilities, The Sweetwater believes that the understanding and agreements between the parties have to explicitly set forth in the agreement between the parties.

Attached hereto as Attachment A and B are a draft proposed Buy Sell Agreement and a draft proposed Bill of Sale for purposes of transferring clear and unencumbered title to the government. The underlined terms in the agreements constitute the language which The Sweetwater is seeking to have included in those agreements. The language which The Sweetwater is seeking to exclude is indicated with a strike-through line. The government has refused to include (or omit) language to the effect of the proposed language on Attachment A

and B, and the government has informed The Sweetwater that The Sweetwater will not receive its award in this case until it agrees to sign an agreement which does not reflect these proposed edits.

For the reasons set forth above, The Sweetwater respectfully requests that the Court issue an Order clarifying its October 12, 2006 Judgment and stating that the underlined terms set forth on the attached documents are consistent with the Court's Judgment and appropriate in this situation. The Sweetwater does not believe that this request in any way alters or modifies the Court's judgment. The Sweetwater further requests that the Court require expedited briefing on this issue.

Respectfully submitted,

s/Kevin R. Garden

Kevin R. Garden
THE GARDEN LAW FIRM P.C.
211 N. Union Street, Suite 100
Alexandria, VA 22314
(703) 519-1286

Dated: February 14, 2007