# AGREEMENT TO CONVEY OWNERSHIP IN IMPROVEMENTS

Washington, DC, January __, 2007

WHEREAS, The Sweetwater, A Wilderness Lodge LLC (hereinafter referred to as "The Sweetwater") and the United States desire to carry through the Final Judgment issued by the United States Court of Federal Claims in the matter of *The Sweetwater, A Wilderness Lodge LLC v. United States*, No. 02-1795C and dated October 12, 2006, which was issued pursuant to the Court's Opinion dated October 6, 2006 (copies of both the Opinion and Judgment are attached hereto and incorporated herein);

The Sweetwater and the United States hereby enter into the following agreement:

The United States agrees to pay in a prompt manner that amount as set forth in the Final Judgment issued by the United States Court of Federal Claims dated October 12, 2006 in the matter of *The Sweetwater, A Wilderness Lodge LLC v. United States*, No. 02-1795C as payment in full for all improvements, structural or otherwise, located on the 15.4-acre site covered by the Term Special Use Permit issued by the United States Department of Agriculture Forest Service and dated August 21, 1995. Both parties to this agreement have determined that the total amount of funds to be paid pursuant to the Court of Federal Claims Final Judgment is $806,688.88.

The Sweetwater agrees to convey the following property to the United States: all structures and all other attached or unattached property (collectively the "Improvements") located on the 15.4 acre site covered by the Term Special Use Permit which was issued by the United States Department of Agriculture Forest Service and dated August 21, 1995. The Improvements include a lodge building, five cabins, a manager's residence, water and sewage systems, all utility lines, and fencing. The Improvements include all property, whether attached or unattached, present on the site area on May 4, 2005, the date the Improvements were appraised by Mr. Que Mangus as part of the litigation referenced above. The Improvements include, but are not limited to, the items listed on the attached document titled "Sweetwater Improvements Transferred To The United States," and this document is part of this Agreement. The Sweetwater warrants and represents that neither it nor any of its representatives have removed or damaged, or are aware of the removal ~~or damage to~~, any property of any kind from the site since the date on which the lodge facilities were appraised by Mr. Que Mangus for purposes related to the litigation referenced above.

The Sweetwater warrants and represents that it presently has title to the Improvements, and that at the time the transfer is consummated, The Sweetwater will convey to the United States good and marketable title to the Improvements at the time it executes the attached Bill of Sale. The Sweetwater further represents and warrants that: (i) to the best of The Sweetwater's knowledge, there are no parties in possession or

occupancy of the Improvements other than The Sweetwater; (ii) The Sweetwater shall not in any way alter or authorize the alteration of the present state of the Improvements from the date hereof through the date of transfer; (iii) as of the date hereof and on the date of transfer there is and shall be no litigation pending or threatened which in any manner affects the Improvements; (iv) as of the date hereof and on the date of transfer there are no leases, written or oral, affecting the Improvements; and (v) as of the date hereof and on the date of transfer the Improvements are not encumbered by any lien, mortgage, or other secured interest that would encumber clear title.

The Sweetwater warrants and represents that there are, and will be, no agent's, broker's, or other intermediary's fees or commissions payable as a consequence of this transaction, and that it has not dealt with a broker, agent, or other intermediary who might by reason of such dealing have any claim for a fee, commission, or other compensation, expenses, or charges of whatever nature that would constitute an encumbrance on title to the Improvements.

The parties agree that nothing set forth in this Agreement places any obligation on the parties which is contrary to, inconsistent with or in excess of the findings, determinations and obligations of the parties as set forth in the Court's Opinion dated October 6, 2006 and the Court's Judgment dated October 12, 2006. Similarly, the parties agree that The Sweetwater, by executing this agreement, is not agreeing to any obligations or duties which are not related to and necessary for ensuring the transfer or clear and unencumbered title to the Improvements.

Subject to any express warranties set forth herein, The Sweetwater is transferring the Improvements to the United States in their "as is" condition.

The parties are aware of and acknowledge significant rodent damage to the lodge buildings as of December 2006. Pursuant to the Court's January 24, 2007 Order, the parties agree that the United States will not assert in any court or administrative proceeding that The Sweetwater is financially responsible for this damage.

Pursuant to this Agreement, The Sweetwater will execute and deliver a good and sufficient bill of sale, and deliver same to the United States conveying good and marketable title in the Improvements. The Sweetwater will also provide to the United States proper and adequate releases of any mortgage interests held by any institution or person in the Improvements as well as documentation demonstrating that all outstanding tax liabilities through 2006 have been satisfied. Upon signature of this Agreement by both parties, The Sweetwater will provide all sets of keys for access to the facilities to the United States along with the Bill of Sale.

Any warranties not explicitly identified herein are not applicable to this agreement or sale.

The parties agree that receipt by either party of a facsimile copy of this agreement, signed by the other party, shall be evidence that the signing party agrees to be bound by the terms of this agreement as if the facsimile copy were an original document.

Executed by:

On behalf of The Sweetwater, A Wilderness Lodge, LLC,

______________________________
Jeffrey C. Mummery
Managing Partner
The Sweetwater, A Wilderness Lodge LLC

Dated: ________________________

On behalf of the United States,

___________________________
Rebecca Aus
Forest Supervisor
Shoshone National Forest

Dated: ____________________