IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE SWEETWATER, A WILDERNESS LODGE LLC, | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-1795C |
| v. | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR CLARIFICATION

Judgment on the merits of this case was entered on October 12, 2006. Over four months later, on February 14, 2007, plaintiff filed a document styled as a "Motion for Clarification." Plaintiff's motion asks the Court to revise its judgment and order the United States to effect the transfer of the lodge using documents with certain clauses the plaintiff now desires in order to limit its liability resulting from its status and conduct as owner of the lodge for over 10 years. The Court should deny the motion.

First, no rule permits the Court to take the action plaintiff requests, and plaintiff cites no rule in its motion. The only rule authorizing a motion to clarify is Rule 59(e). However, motions to alter or amend a judgment must be filed within 10 days of the entry of judgment. Plaintiff's motion is obviously barred by the time limit of the rule. Plaintiff may argue that its motion should be considered as brought under Rule 60(b) to relieve plaintiff of the operation of a final judgment on the basis of mistake, newly discovered evidence, fraud, and other reasons. However, plaintiff has not cited Rule 60(b), and it is unclear how a motion to force the United States to include certain clauses in the transfer documents could qualify for relief under the rule.

Second, plaintiff offers at the close of its motion that the relief it seeks does not "in any way alter or modify the Court's judgment." Pl. Mot. at 3. This is convenient but incorrect. In its merits decision, the Court conditioned plaintiff's receipt of payment "upon tender of a deed or other appropriate document, in such form as the Attorney General, or his authorized representative, may deem necessary to assure that the defendant acquires valid ownership" of the lodge and other improvements on the site. The Sweetwater, A Wilderness Lodge LLC v. United States, 72 Fed. Cl. 208, 229 (2007). The Court did not order that certain clauses be inserted in the "appropriate documents" to protect the plaintiff from what plaintiff perceives to be ongoing liability for its status and conduct as owner of the lodge from 1995 to present. Therefore, the order requested by plaintiff does modify the Court's merits decision. Any further order requested by the plaintiff changing the terms of the judgment can be effected, if at all, under Rule 60(b). As stated above, plaintiff has not cited this rule or articulated any basis under the rule for the Court to grant the relief it seeks.

Finally, plaintiff has made several misstatements in its motion and attachments. Plaintiff has included language in the draft Agreement that the United States proposed only as an offer of settlement of the latest dispute over the terms of the transfer documents. Specifically, we offered the "rodent damage" provision in lieu of plaintiff's broad, vague language it now asks the court to add to the Agreement. Therefore, the draft Agreement submitted by plaintiff misrepresents the parties' agreement to the extent it suggests that the "rodent damage" clause should be included. Moreover, plaintiff fails to disclose that it previously agreed during negotiations after the Court's January 24 order to delete the "as is" clause it now seeks to add. Lastly, plaintiff fails to disclose that it previously agreed during negotiations at the first post-trial status conference to include the "or damage to" language it now seeks to delete.

For these reasons, the Court should deny plaintiff's motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

OF COUNSEL:

KENNETH S. CAPPS
Office of General Counsel
U.S. Department of Agriculture
740 Simms Street, Room 309
Golden, CO 80401-4720

s/ Gregg M. Schwind
GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tel: (202) 353-2345
Fax: (202) 514-8624

Attorneys for Defendant

February 16, 2007