IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE SWEETWATER, A WILDERNESS LODGE LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 02-1795C<br>(Senior Judge Merow) |

**PLAINTIFF'S REPLY TO**
**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR CLARIFICATION**

In the government's opposition to The Sweetwater's request for a clarification of the Court's Judgment, the government does not deny that it is demanding that The Sweetwater sign a document which places obligations on The Sweetwater that exceed those set forth in the Court's Opinion and Judgment. The government's opposition also reveals that the government incorrectly believes that the Court, in its Judgment, provided the government with the discretion to demand any terms from The Sweetwater related to the property at issue which the government desires. This belief is incorrect. The Court's Judgment explicitly limits the government to seek terms "necessary to assure that the defendant acquires valid ownership" of that property. Judgment (October 12, 2006). The provisions which the government is seeking to include in the document, without the appropriate limitations sought by The Sweetwater, clearly exceed the terms of the Court's Judgment. The Sweetwater's request for a clarification focuses on whether the Court's Judgment limited The Sweetwater's obligations under the document that transfers title to the property to only those obligations necessary for the government to "acquire valid ownership." Notably, the government never alleges that the terms requested by The Sweetwater

hinder the government from obtaining sufficient assurances that it will acquire valid ownership of the property. For that reason, The Sweetwater is seeking a clarification and not a modification of the Court's Judgment.

The Sweetwater's concern that the document which it signs must be explicitly limited to issues related to "valid ownership" arose when the government subsequently filed its "Notice" on January 25, 2007. That Notice revealed that the government continues to adamantly believe that The Sweetwater has obligations related to the lodge facilities' condition after April of 2001, notwithstanding the Court's now final determination that The Sweetwater had no such obligations under the Term Permit as of April 2001. When The Sweetwater then sought clarifications in the draft documents related to the transfer of title that The Sweetwater was not agreeing to liability for the condition of the lodge facilities, the government refused to include those clarifications. The document which the government is trying to force The Sweetwater to sign, without the limitations sought by The Sweetwater, would allow the government to pursue its efforts to insist that The Sweetwater is liable for the current condition of the lodge under an entirely new contract. This potential liability would be created pursuant to clauses currently in the document which pertain to The Sweetwater's knowledge of the condition of the lodge facilities. These terms exceed any terms needed to ensure the transfer of valid ownership. The government has insisted that unless these provisions are included in the document without the limitations that they only pertain to the transfer of clear title, The Sweetwater will not be paid for its lodge facilities.

Notably, the government never asserts that the clauses which The Sweetwater has requested the government to include in the document transferring ownership preclude the government from obtaining proper assurances of valid ownership. Of equal note is the fact that

the government does not deny that it could in fact interpret the document it is insisting upon as creating a new liability on the part of The Sweetwater related to the condition of the lodge facilities.

Without the limitations sought by The Sweetwater, the provisions in the new agreement would provide the government with an entirely new basis to allege that The Sweetwater is liable for the current condition of the lodge facilities. The Sweetwater's concerns that the document be explicitly limited to obligations related to the transfer of clear title, as set forth in the Judgment, are based on the fact that the government now appears to be leaving itself the option of accomplishing an "end run" around the Court's Opinion. The government did not appeal that Opinion and Judgment, which are now final. However, the government has made it clear that it believes The Sweetwater has liability related to the current condition of the lodge facility. By creating a new contract between the government and The Sweetwater related to the condition of the lodge facilities (and without the contract being limited to issues related to clear title), the government would have a potential basis to hold The Sweetwater liable for the current condition of the lodge facilities, notwithstanding the Court's determinations to the contrary. For example, if the government subsequently alleges that there has been damage to the lodge, the government would be able to offset The Sweetwater's award based on the government's allegations that The Sweetwater has breached the terms of the new agreement related to The Sweetwater's knowledge of any such damage. Such an outcome clearly would be based on an alleged obligation of The Sweetwater which has nothing to do with providing clear and unencumbered title to the lodge facilities.

In its opposition, the government first asserts that the Court cannot issue a clarification of its Judgment because there is no Court of Federal Claims Rule which explicitly refers to such

clarifications. Opp. at 1-2. This allegation is absurd. As the government is well aware, the Court is not limited to actions explicitly set forth in the Court's rules. In fact, the Court itself previously raised the possibility that it may need to issue a clarification of its judgment to resolve this matter.

As its second basis for opposition, the government alleges that The Sweetwater is seeking a modification of the Court's Judgment. Opp. at 2. This allegation is wrong. The Sweetwater is requesting a clarification that the Court's Judgment limited the government to obtain a document which contained terms necessary for transfer of valid ownership, not terms pertaining to the condition of the lodge facilities which exceed those needed to "assure that the defendant acquires valid ownership." This request for a clarification would not result in a modification of the Court's Judgment, which limited the document to exactly such terms. The Sweetwater's request is furthermore soundly based on the established and unappealable facts and determinations in this case.

These facts and determinations include that the government unilaterally terminated the lodge operations on April 3, 2001. In other words, the government instituted a forced sale of the lodge facilities pursuant to which the government purchased the lodge in its "as is" condition. Therefore, the government was liable for the value of those facilities as of April 2001. The value and condition of those facilities as of April 2001 has been thoroughly evaluated and addressed in the trial, and that value was determined. Thus, the government owes The Sweetwater equitable consideration, which includes the determined value of the lodge facilities as of April 2001. In exchange, The Sweetwater must "assure that the defendant acquires valid ownership." Neither party owes the other party any more or any less than the foregoing and the document transferring ownership should accordingly state this fact. The government has refused to allow the document

to state this fact. Moreover, as the Court's Opinion made clear at page 33, The Sweetwater "was no longer responsible for maintenance and upkeep on the improvements" as of April 2001. Therefore, The Sweetwater can have no liability for any change to the lodge conditions after April 2001 based on any lack of maintenance or upkeep.

In an effort to facilitate a prompt payment of its award and even though the lodge facilities have been thoroughly inspected by the government's appraiser, The Sweetwater initially agreed to the inclusion of appropriate warranties related to its knowledge and affirmative actions related to the condition of the lodge facilities since May of 2005. However, given the government's statements in its "Notice," The Sweetwater is not willing to agree to any warranties or representations which relate to the lodge conditions unless such warranties and representations are explicitly limited to whether those representations affect clear title, as set forth in the Judgment. Because the government is clearly looking for an opportunity to hold The Sweetwater liable for issues beyond those related to clear title, and because the government can easily offset The Sweetwater's award on such a basis, The Sweetwater has sought to have this limitation explicitly included in the proposed document. The government has refused to include it, asserting that the terms of the agreement as demanded by the government are consistent with the Court's Judgment absent such a limitation. The Sweetwater is seeking a clarification of the Court's Judgment as to this issue.

The government also asserts as an aside that The Sweetwater has made certain misstatements in its motion. Opp. at 2. The government points out that its offer not to seek any costs from The Sweetwater specifically related to rodent damage was the full extent of the government's willingness to place a limit on The Sweetwater's obligations as to the lodge conditions under the new document. *Id.* The government's assertion only further demonstrates

The Sweetwater's point. As it admits, the government has refused to agree that all of The Sweetwater's obligations under the document are limited to obligations related to providing clear title. The government also notes that during the discussions between the parties, The Sweetwater had agreed to omit the "as is" clause and did not object to the "or damage to" language. *Id.*[1] However, as The Sweetwater informed the government, upon the government's submission of its "Notice" in which the government made it clear that it was seeking to hold The Sweetwater liable for the condition of the lodge facilities, The Sweetwater was re-asserting the need for these changes.[2] The government refused to include the changes and explicitly stated to The Sweetwater that, if The Sweetwater did not agree to the document without the limitations sought by The Sweetwater, The Sweetwater would not receive any payment pursuant to the Court's Judgment.

In addition, the government points out that The Sweetwater filed its motion over four months after the Judgment was issued. Opp. at 1. As the government is aware, the only party harmed by any delay in effecting the Judgment in this case is The Sweetwater. Therefore, this four month period only further demonstrates the extent of The Sweetwater's effort to resolve the issues created by the government's demands. It is now readily apparent that the government will

---

[1]As the parties have discussed, the parties are aware of damage to the lodge facilities based on the lack of maintenance and upkeep as well as the lack of operations. If the agreement between the parties includes the phrase "or damage to," The Sweetwater will be subject to the charge that it has now agreed to be liable for this damage. Therefore, this phrase goes beyond assurances of clear title. In addition, the clause is improper and must be stricken because it imposes on The Sweetwater potential liability for the lodge condition. However, the government has refused to remove this clause.

[2] The "as is" language merely reflects the fact that the transfer of ownership is pursuant to a forced sale. Given the forced nature of the sale, the only issue related to this sale was the value of the lodge facilities based on their "as is" condition as of April 2001. Because The Sweetwater had no maintenance or upkeep obligations after that date, The Sweetwater cannot have any liability for any subsequent changes in the lodge facilities.

not seek payment of The Sweetwater's award until and unless The Sweetwater agrees to terms which exceed those needed for the acquisition of clear title. For the reasons set forth above, this demand is entirely inappropriate.

Based on the foregoing and The Sweetwater's prior submissions, The Sweetwater respectfully requests that the Court issue an Order clarifying that the Court's Judgment was not intended to allow the government to insist on a document transferring title to the government which also created obligations for The Sweetwater exceeding those needed to assure that proper title was transferred. The Sweetwater also requests that the Court clarify that, by agreeing to such a document, The Sweetwater is not required to agree to any obligations which are inconsistent with the Opinion, Orders and Judgment issued by the Court in this matter, and that all such determinations are incorporated in any such document which is entered into pursuant to the Court's Judgment. Finally, the Court's Judgment placed certain responsibilities on the parties to be undertaken after that Judgment was entered and as part of the relief which the Court was authorized to issue. For that reason, The Sweetwater respectfully request that the Court retain jurisdiction over all matters related to the parties' compliance with the Court's Judgment to ensure that such relief is properly obtained by The Sweetwater.

Respectfully submitted,

s/Kevin R. Garden

Kevin R. Garden
THE GARDEN LAW FIRM P.C.
211 N. Union Street, Suite 100
Alexandria, VA 22314
(703) 519-1286

Dated: February 19, 2007