# In the United States Court of Federal Claims

No. 02-1795 C
(Filed February 22, 2007)

| | |
|---|---|
| THE SWEETWATER, A WILDERNESS LODGE LLC., | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

## ORDER

This Order addresses plaintiff's motion, filed February 14, 2007, for clarification of the Judgment entered October 12, 2006. Defendant opposes this motion.

As noted in the Order, filed January 24, 2007, the parties have experienced some difficulty in reaching agreement on the terms of the document, required by the October 12, 2006 Judgment, to transfer valid ownership of the improvements on the 15.4-acre site covered by the Forest Service Permit from plaintiff to the United States. Substantial progress has been made, but plaintiff now seeks clarification of the requirement for this document, as a prerequisite to payment of the judgment, to deal with a concern that defendant intends to seek some form of compensation for damage to the improvements occurring since April 3, 2001.

The October 12, 2006 Judgment, which remains to be paid, is for "equitable consideration" measured by the April 3, 2001 fair market value of the site improvements plus reimbursement of plaintiff's out-of-pocket expenditures on site improvements matters subsequent to that date. To obtain payment of the judgment, a document transferring valid ownership of the improvements to the United States is required. As noted in the January 24, 2007 Order, the requirement for a title transfer

document does not impact the judgment determination of the "equitable consideration" amount. The document required for judgment payment is simply to provide assurance that clear title is obtained by the United States when the amount of the judgment is paid.

Plaintiff's concern that defendant may now seek to recover compensation for post April 3, 2001 damage to the improvements presents an issue that was not before the court in this litigation. Although jurisdiction was present to plead a counterclaim or offset for permit site damages, this was not done. *See* 28 U.S.C. § 2508; *Barrett Refining Corp. v. United States* , 242 F.3d 1055, 1062-63 (Fed. Cir. 2001); *Bank One, Michigan v. United States*, 62 Fed. Cl. 474, 479, n. 11 (2004).

Were the Secretary of the Treasury now to withhold a portion of the judgment, on the basis of a government claim for permit site damages, he would be required to "have a civil action brought," and if the United States did not prevail in this civil action, the withholding plus interest would then be paid. 31 U.S.C. § 3728(b)(2)(B)-(c). Since the Forest Service Permit controversy is not covered by the Contract Disputes Act, this court would not, in the absence of a counterclaim, pleaded pursuant to 28 U.S.C. § 2508, have jurisdiction over that government claim matter. *See The Sweetwater, A Wilderness Lodge, LLC v. United States*, 72 Fed. Cl. 208, 226 (2006); 28 U.S.C. § 1345. However, the tribunal concerned would then be faced with resolving initially whether the claim was barred because it had not been pleaded in the instant finally-concluded litigation. *See* RCFC 13; *Polymer Indus. Products Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003); *Employers Inc. of Wausau v. United* States, 764 F.2d 1572, 1576 (Fed. Cir. 1985); *Moore-McCormack Lines, Inc. v. United States*, 175 Ct. Cl. 496 (1966).

In summary, the text of the document required for payment of the October 12, 2006 Judgment is limited to terms which assure that the United States obtains valid ownership of the site improvements. If the United States then intends to withhold some amount, under 28 U.S.C. § 3728, for an asserted damage claim, this is not a matter that this court can address in this finally-concluded proceeding. The parties can, of course, resolve a withholding matter by agreement, but if agreement cannot be reached, there should be no further delay with respect to payment action, pursuant to 31 U.S.C. § 1304, on the October 12, 2006 Judgment.

Accordingly, it is **ORDERED** that except to the extent **GRANTED** above, Plaintiff's Motion for Clarification is, otherwise, **DENIED**.

s/ James F. Merow
James F. Merow
Senior Judge